

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH PAUL GAGNON AND THE ESTATE OF NANCY V. GAGNON | CIVIL ACTION NO. 19-13330 |
| versus | JURY TRIAL DEMAND |
| PFIZER, INC., WATSON PHARMA-CEUTICALS, MERCK & CO., INC., RANBOXY LABORATORIES LOIS MAILANDER | JUDGE SECT. T MAG 1 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

NOW INTO COURT, through undersigned, comes complainants Keith Paul Gagnon and The Estate of Nancy V Gagnon, who submits the following upon information and belief:

I.

This is an action for wrongful death suffered by Nancy V. Gagnon, (NVG) and survival pursuant to -----, as a direct result and/or substantial contributing factor of defendants' wrongful conduct including but not limited to the manufacturing, distribution, testing, labeling, selling, and manipulating the outcome of clinical studies as an aspect of its marketing campaign of the prescription class of drugs known as statins, including Lipitor, Crestor, Atorvastatin and Rosuvastatin.

### JURISDICTION AND VENUE

II.

This Court has subject matter jurisdiction pursuant to 28 USC 1332. The amount in controversy exceeds $75,000 exclusive of interest and costs; and there is complete diversity of citizenship between all plaintiffs and all defendants. Plaintiffs are Louisiana residents and the defendants are out of state and/or out of country residents.

III.

Venue is proper in this district pursuant to 28 USC 1391(a), as plaintiff was prescribed, obtained, purchased and used the medications that form the basis of this lawsuit in this district; and at all relevant times did plaintiffs reside within this district, the injury being sued upon occurred in this district, and defendants marketed advertised and distributed their drugs/product assigned in this District.

IV.

**PARTIES**

_____Plaintiffs are persons of the full age of majority who at all relevant times was a citzen and/or a Louisiana Succession. Defendants are corporations and/or large business entities whose principal place of business and nerve center are outside of Louisiana.

V.

**GENERAL ALLEGATIONS**

_____At all times relevant, defendants were in the business of manufacturing marketing developing testing labeling promoting distributing manipulating the science and the findings, and/or selling statins, including named.

VI.

Defendants do substantial business in this state and whether through trade names, dba's and/or shell/shadow entities, within this Federal District; and at all times relevant it promoted marketed distributed warranted and/or sold their product in this state, and further manipulated the scientific findings supporting the feigned need to take this drug (as part of its marketing/sales campaign their products.

VII.

Nancy v Gagnon ingested one or more types of statins over the years as prescribed, from approx. May 2008 until late in October 2016. At all relevant times, she thought she needed it to

improve her health, under the contrived supposition that lower cholesterol levels were a sign of good heart health, when in fact sustained use of statins have been shown to weaken the walls of the heart, making the heart substantially more susceptible to grave heart conditions and ailments, such as heart attack; and making the operations and areas surrounding and/or interacting with the heart much more susceptible to injury, imbalance, etc..

VIII.

Nancy V. Gagnon suffered a heart attack after taking statins daily for a number of years as directed by her doctor, who was directed by the defendants through a variety of means.

IX.

Statins are a class of drugs designed and reputed to lower cholesterol levels on the purported, contrived and fraudulently marketed premise that there exists a strong and definite causal link between elevated cholesterol levels and increased incidence of CHD (Coronary Heart Disease).

X.

In 2005, the FDA issued a warning regarding the efficacy of statins; and later discovered that the landmark study supposedly showing/exhibiting the need for statins had been tainted, manipulated and funded by defendants; to such an extent that in response the FDA and/or other regulatory agency subsequently heightened/changed the requirements for testing and establishing causal links.

XI.

All the studies conducted on statins since the heightened parameters have been enacted have failed to show any health benefits, but the side effects and/or hazards to health have been consistent.

XII.

In spite of this and the absence of a causal link establishing that lower cholesterol can improve heart condition/health (or conversely decrease likelihood of CHD), defendants marketing

campaign with programming of medical doctors (and specifically cardiologists) as their highest order and primary salesmen, the lynchpin of their operation, including defendant Lois Mailander, statins have become a multi-billion dollar business venture over the last 15 years.

XIII.

And in these last 15 years, with statins being prescribed to millions upon millions, CHD and all matter of associated heart conditions falling under the umbrella have but continued to <u>increase</u>, while doctors including Mailander direct their patients to get on statins and stay on them in order to diminish or decrease the prospect of CHD.

Other matters of grave and serious adverse health conditions that have been linked to continuous statin usage have also increased; which has directly resulted in even higher levels of profit across the board (in all other fields (of their other poisons/products)) for defendants and their salesmen/primary marketers medical doctors.

XIV.

With the exercise of even basal level of diligence much less reasonable, defendants knew or should have known that all the claims they were making to boost sales and make people such as plaintiff believe that ingesting statins was/is a necessary component of heart health were/are categorically false and completely unfounded, and in such a scenario (people putting their heart health and thus their life) in the hands of their doctor....defs exploited this scenario to poison subjects for insane profit margins); thus their actions were unconscionable and warrant not only strict liability and punitive damages but also criminal liability, as they have continuously and systematically poisoned one (and/or millions upon millions of) american(s) (many with already pre-existing health conditions) through the marketing platform of the medical profession, for insane amounts of profit and nothing else.

XV.

Using medical license to profit as salesmen and to bolster their sales and their

practice....like my mom would never have taken statins and remained on them but for her cardiologist recommending them for her heart health...turns out the opposite is true, as it has been shown to actually weaken the walls of the heart and the overall health of the body. The cardiologist is trained as an employee of the other defendants and once provided with monetary incentive then begins using their license and practice as a marketing tool for defendants' product.

XVI.

Defendants intentionally concealed defects and/or health risks of taking their products, and intentionally disseminated false information reporting health benefits as part of a widespread systematic decades long marketing campaign; this is intentional and fraudulent misrepresentation; and had plaintiff been aware of the defects contained in statins, she would not have ingested this so-called 'medication'.

XVII.

As a result of defendants' intentional and sustained misrepresentations, plaintiff suffered major injury, including but not limited to the following named damages:

A. Cardiac injuries, including but not limited to heart attack;

B. Emotional distress, fear of disease and including cancer;

C. Loss of enjoyment of life; loss of society and quality of life due to ongoing and chronic health complications;

D. Mental pain and suffering, mental anguish;

E. Physical pain and suffering;

F. Medical Expenses;

G. Other and/or additional to be shown at trial

XVIII.

WHEREFORE, petitioner prays for trial by jury on all issues and that defendants be held accountable for their unconscionable conduct including but not limited to punitive damages be awarded , defendants products be ordered banned from sale and or removed from the stream of commerce as it is poisonous; defendants be prohibited from manufacturing or selling any further products in this state and/or in this country; defendants be ordered to institute fund and sustain a marketing campaign informing the public of the true nature of their product and the false marketing techniques they contrived to make people think it was something they needed and of benefit, and further relief to be disclosed prior to or during trial on the merits.

Respectfully submitted,

Oct. 29, 2019

The Estate of Nancy V Gagnon

keith paul gagnon
Succession Representative
937 Melody Drive
Metairie, LA 70002
504.833.5861

NOTE TO CLERK: i tried to file this pleading between 5-8pm yesterday via e-file but was told i could not access court system at that time because i was not an attorney. Please enter this into record as filed on October 28, 2019, yesterday accordingly.

6/6